IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA

**IN ADMIRALTY**

Case #:

IN THE MATTER OF THE:

COMPLAINT OF JAMES S. MAUNEY &
NATALIE J. MAUNEY AS OWNERS OF
S/Y NATALIE, 1985 WESTERLY CORSAIR 36
(HIN # WMCCS079G585; OFFICIAL # 691583)
FOR EXONERATION
FROM OR LIMITATION OF LIABILITY.
_____/

**PETITION FOR EXONERATION FROM
OR LIMITATION OF LIABILITY**

COME NOW the Petitioners, JAMES S. MAUNEY and NATALIE J. MAUNEY (hereinafter referred to collectively as "Petitioners") as owners of S/Y NATALIE, a 1985 WESTERLY CORSAIR 36 bearing hull identification number WMCCS079G585 and Official Number 691583 (hereinafter "Subject Vessel") and pursuant to the provisions of 46 U.S.C. Section 30501 *et seq.* and Supplemental Rule F, Petition this Court for Exoneration from, or in the alternative for Limitation of Liability to the value of the interest of the Petitioners in said vessel for all claims involving the Subject Vessel during Hurricane Michael and as grounds therefore state as follows:

1. This action arises within the Admiralty and Maritime Jurisdiction of this Court within the meaning of Federal Rule of Civil Procedure 9(h) as more fully appears below and is brought by Petitioner pursuant to the terms of the Limitation of Liability Act; 46 U.S.C Section 30501 *et seq.* and Federal Rule of Civil Procedure, Supplemental Rule F governing Limitation of Liability actions.

2. Subject Matter Jurisdiction of this matter arises under 28 U.S.C. Section 1333.

3. The events, acts, and circumstances giving rise to this action all occurred on the navigable waters of the United States during traditional maritime activity.

4. The Petitioners seek to claim and invoke rights, privileges, remedies and procedures of the Shipowners Limitation of Liability Act, Title 46 U.S. Code Section 30501 *et seq*.

5. At all times material hereto, Petitioners were husband and wife and the owners of the Subject Vessel.

6. The Subject Vessel was documented with the United States Coast Guard and assigned Official Number 691583.

7. At all times material hereto, the subject vessel was located in the State of Florida within the territorial limits of the United States District Court for the Northern District of Florida, specifically in Watson Bayou   Accordingly, Venue is proper in this District pursuant to Supplemental Rule F(9).

8. Prior to and at all times hereinafter described, the Petitioners exercised due diligence to keep and maintain the Subject Vessel in seaworthy condition; and at all times hereinafter described she was in all respects seaworthy and fit for the use in which she was engaged until the damaged caused to her by Hurricane Michael.

9. On or about, October 10, 2018, Hurricane Michael struck Watson Bayou, Panama City and the Florida Panhandle with exceptional force, as a Category 5 Hurricane.

10. Hurricane Michael had peak winds of 160 MPH when it made landfall near Mexico Beach, Florida, which is approximately 24 miles away from Watson Bayou.

11. Prior to Hurricane Michael's arrival, Petitioners relocated the Subject Vessel from its dock into Watson Bayou, which is a known "hurricane hole" in the vicinity of Panama City, Florida.  The Subject Vessel was then anchored with a staunch CQR anchor equipped with 100 feet of chain to ensure a strong hold in the Bayou during the hurricane.

12. The Petitioners were not aboard the Subject Vessel during the hurricane due to the extreme danger posed by the storm.

13. After Hurricane Michael had passed through the area, the Subject Vessel was found lying against a seawall and dock with two other vessels stacked up behind it.

14. Four additional vessels had been laid against the same seawall by the storm at the its east end.

15. The Subject Vessel sustained significant damage due to the hurricane and it was determined that the cost to repair it would far exceed its market value prior to the hurricane.

16. The Subject Vessel was sold at salvage auction in its damaged condition and was purchased in an arm's length transaction for $300.00.  This amount represents its post voyage fair market value.  See attached Declaration by Ron Milardo from Cooper Capital Specialty Salvage, which was the company that auctioned the Subject Vessel attached hereto as Exhibit "A".

17. It is believed that the Subject Vessel broke away from its pre-hurricane position in Watson Bayou due exclusively to an Act of God, namely the catastrophic, exceptional and extreme winds, waves and storm surge generated by Hurricane Michael.

18. Aaron and Jacquelyn Lovett have claimed in writing that the Subject Vessel damaged their dock, seawall and deck railing at 1501 Tyndall Drive, Panama City, Florida 32401-4072.  These allegations are disputed by the Petitioners.

19. The damages sought by the Lovetts far exceed the post voyage value of the Subject Vessel and Petitioners anticipate additional claims may be made against the Subject Vessel.

20. The Subject Vessel has not been arrested or attached to answer for any claim in any District.

21. Although the Petitioners dispute the allegations made by the Claimants, their property damages, if any, and any consequential loss, damage, were not caused or contributed to by any fault, neglect, want of care or design on the part of the Petitioners, their agents, principals, servants, employees or anyone for whom the Petitioners may be legally responsible.

22. There was no negligence on the part of Petitioners, their agents, principals, servants, employees or anyone for whom the Petitioners may be legally responsible, that caused or contributed in any way to any alleged injury, loss or damage sustained by any person, vessel or the Claimants.

23. Although the Petitioners dispute the allegations made by the Claimants, their property damages, if any, and any consequential loss, damage, described above were done, occasioned and incurred, entirely without fault on the part of Petitioners, their agents, principals, servants, employees or anyone for whom the Petitioners may be legally responsible, and Petitioners are entitled to exoneration there from.

24. Although the Petitioners dispute the allegations made by the Claimants, their property damages, if any, and any consequential loss, or damage, described were done, occasioned, and incurred without the privity or knowledge of Petitioners within the meaning of 46 U.S.C. Section 30505, and without the privity or knowledge of the Petitioners' principles, superintendents or managing agents, within the meaning of 46 U.S.C. Section 30506(e).

25. Petitioners claim the benefit of the provisions of Section 30501 *et seq.* of Title 46, United States Code and Supplemental Rule F, Federal Rules of Civil Procedure, in this proceeding by reason of the facts and circumstances set forth above. Petitioner further desires to contest liability and the liability of the Subject Vessel, to any extent whatsoever for any and all loss, damage and injury caused by or resulting from the incident described above, and to be exonerated from all such liability.

26. In the event the Court determines there was negligence in the operation and/or use of Subject Vessel which contributed in any way to any alleged injury, loss or damage on the part any person, vessel or Claimant, such negligence occurred

wholly without the privity or knowledge of the Petitioners within the meaning of 46 U.S.C. Section 30505.

27. By reason of the aforesaid, if any liability should be adjudged and imposed upon the Petitioners, then the Petitioners are entitled to Limitation of and/or Exoneration from said liability pursuant to Section 30505 et seq. of Title 46 United States Code.

28. The post voyage value of the Subject Vessel and Petitioners' interests therein are **Three Hundred Dollars and Zero Cents ($300.00)** as reflected in the Ad Interim Stipulation for Value filed with this Honorable Court and Declaration of Value in support thereof.

29. Pursuant to the provisions of Supplemental Rule F this action is being filed within six (6) months of the first receipt of written claim by Petitioners.

30. Petitioners will deposit into the registry of the Court for the benefit of the Claimants the amount of **Eight Hundred and Ninety-Six Dollars and Zero Cents ($896.00)** which represents the post voyage value of the Subject Vessel ($300.00),security for costs ($500.00) and two years of interest at 6% ($96.00) as required by Local Admiralty Rule E(4)(b).

31. Should the Court require it, Petitioners are prepared to give bond or stipulation for any amount that may be determined to be necessary by the Court, and as provided for under the laws of the United States and Federal Rules of Civil Procedure.

32. Pursuant Supplemental Rule F, Petitioners allege that they are entitled to Exoneration for any alleged damage caused to the Claimants by the Subject Vessel described above as this occurrence was not the result of any fault or neglect attributable to the Petitioners.

33. Pursuant to 46 U.S.C. Section 30505, 30511, the Petitioners are in the alternative entitled to Limitation to the amount or value of the interest of the Petitioners in the vessel following the alleged, incident resulting in Claimants' damages, as the incident occurred without privity or knowledge of the Petitioners within the meaning of 46 U.S.C. Section 30505.

WHEREFORE Petitioners move this Honorable Court for the following relief:

a. This Honorable Court will enter an Order directing the issuance of a Monition to all persons, firms and corporations claiming damages for any and all losses, damages or injuries done, occasioned, sustained, or incurred by reason of the events described in this Petitioner, citing them to appear and answer the allegations of this Petition according to the law and practices of this Honorable Court on or before a date certain and time to be fixed by the Monition;

b. This Honorable Court enter an Injunction restraining the further prosecution and/or commencement hereafter of any and all suits, actions or legal proceeding of any nature or description already begun to recover damages arising out of, occasioned by or consequent upon the incident as set forth in this Petition, except in the present proceeding;

c. This Honorable Court approve the Ad Interim Stipulation for Value filed with the Court as security for the potential claims subject to the Claimants' right to

challenge the security as permitted by the Supplemental Rules and Local Admiralty Rules;

    d. This Honorable Court adjudge and decree:

        i. That Petitioners are not liable to any extent, but are exonerated from any responsibility, loss, damage, or injury, nor for any claim whatsoever in any way arising out of the Incident; or

        ii. That if the Petitioners shall be judged liable, then such liability shall be limited to the value of their interest in the Subject Vessel immediately following the Incident and be divided in accordance with the Claimants proof of their claims, saying to all parties any priorities that they may be legally entitled and that a decree may be entered discharging Petitioners of all further liability;

    e. That Petitioners may have such other and further relief as this Court deems just and proper.

Dated this 17<u>th</u> day of May 2019

Respectfully Submitted,

By: **s/ Andrew N. Mescolotto**
ANDREW N. MESCOLOTTO (28141)
FERTIG AND GRAMLING
200 Southeast 13th Street
Fort Lauderdale, FL 33316
PH:   (954) 763-5020
FX:   (954) 763-5412
anm@fertig.com
Attorneys for the Petitioners